Georgia A. Staton, Bar #004863
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1752
Fax: (602) 200-7854
gstaton@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendants State of Arizona, Aaron Bowen and spouse Kerstin Bowen, Don Herrington and spouse Katherine Herrington, Cara Christ, M.D., and spouse Jason Christ, and Katharine Woods, D.O.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Emmanuel Walker, as Guardian of Issac Contreras, an incapacitated adult,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>State Of Arizona, a governmental entity; Aaron Bowen, and Jane Doe Bowen, husband and wife; Donald Herrington and Jane Doe Herrington, husband and wife; Cara Christ, M.D., and John Doe Christ, wife and husband; Katherine Woods D.O., and John Doe Woods, wife and husband; Jane Does I-X, inclusive; John Does I-X, inclusive; Black Corporations I-X, inclusive, White Entities I-X inclusive,<br><br>　　　　　　　　　　　Defendants. | No. 2:22-cv-01401-DWL-ESW<br><br>**Defendants Answer to Plaintiff's Complaint**<br><br>(Assigned to the Honorable Dominic L. Lanza) |

　　　　Defendants State of Arizona, Aaron Bowen and spouse Kerstin Bowen, Don Herrington and spouse Katherine Herrington, Cara Christ, M.D., and spouse Jason Christ, and Katharine Woods, D.O. by and through counsel undersigned, for their answer to Plaintiff's Complaint, admit, deny and allege as follows:

　　　　1.　　Defendants deny each and every allegation not otherwise admitted or pled to.

11010066.1

2. In answering the "Introduction" said Introduction does not comply with Rule 8(a) FRCP that a pleading stating a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief and (3) a demand for the relief sought. The Introduction fails to comply with that Rule and constitutes nothing more than argument by counsel. To the extent that said "Introduction" attempts to assert a claim against Defendants, Defendants deny same.

3. In answering Paragraph 1 of Plaintiff's Complaint, Defendants admit only that Contreras was diagnosed with a mental illness.

4. In answering Paragraphs 2 and 3 of Plaintiff's Complaint, Defendants admit only that Emmanuel Walker is Isaac Contreras' Temporary Guardian whose appointment ends on September 2, 2022.

5. In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit same.

6. In answering Paragraph 5 of Plaintiff's Complaint, Defendants admit that Aaron Bowen and spouse Kerstin Bowen are a married couple; and that Aaron Bowen's actions were in furtherance of the marital community.

7. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit only that Aaron Bowen was employed by the State of Arizona as the Superintendent of the Arizona State Hospital ("the ASH"); was acting under color of law and within the course and scope of his employment. Defendants deny that Aaron Bowen was a chief policymaker for the State of Arizona and the ASH.

8. In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that Don Herrington and Katherine Herrington are a married couple; that the acts undertaken by Don Herrington were in furtherance of the marital community.

9. In answering Paragraph 8 of Plaintiff's Complaint, Defendants admit only that from August 30, 2021, Don Herrington was employed by the State of Arizona as the Interim Director of the Department of Health Services; was acting under color of law and

2

11010066.1

within the course and scope of his employment; and was a chief policymaker for the State of Arizona.

10. In answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Cara Christ is married to Jason Christ; that the acts described in Plaintiff's Complaint were in furtherance of their marital community.

11. In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit same.

12. In answering Paragraph 11 of Plaintiff's Complaint, Defendants deny same and affirmatively assert that Katharine Woods is unmarried.

13. In answering Paragraph 12 of Plaintiff's Complaint, Defendants admit only that Katharine Woods was the Chief Medical Officer of the ASH acting under color of law and within the course and scope of her employment beginning in February 8, 2021. Defendants deny that Katherine Woods was a chief policymaker for the State of Arizona and the ASH.

14. In answering Paragraph 13 of Plaintiff's Complaint, Defendants admit only that the actions of the individually named Defendants were performed under the color of law.

15. In answering Paragraphs 14 and 15 of Plaintiff's Complaint said paragraphs refer to fictitiously named defendants no answer is required and none is given. To the extent said paragraphs attempt to assert a claim against these Defendants, Defendants deny same.

16. In answering Paragraph 16, of Plaintiff's Complaint, Defendants admit only that the State may be liable for the negligent acts and omissions of its employees, if and when they are acting in the course and scope of their employment. Defendants deny that the individual defendants were negligent.

11010066.1

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendants admit that this Court has personal jurisdiction over the parties and subject matter jurisdiction over this action.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that venue is proper in this court, said action having been removed from state court on August 18, 2022.

19. In answering Paragraph 19 of Plaintiff's Complaint, Defendants admit same.

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendants admit only that Isaac Contreras ("Contreras") was born in Yuma, Arizona. Defendants are without sufficient information or knowledge to form a belief as to the remaining matters contained therein and demand strict proof thereof.

21. In answering Paragraph 21 of Plaintiff's Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the matters asserted therein and therefore demand strict proof thereof.

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendants admit that Contreras killed a man, was sentenced to the Arizona Department of Corrections, Rehabilitation and Re-entry ("ADCRR") from August 16, 2000 until May 25, 2010.

23. In answering Paragraph 23 of Plaintiff's Complaint, Defendants admit only that Contreras physically assaulted his then-girlfriend, and was arrested.

24. In answering Paragraph 24 of Plaintiff's Complaint, Defendants admit same.

25. In answering Paragraphs 25 and 26 of Plaintiff's Complaint, Defendants admit only that Contreras was adjudicated Guilty Except Insane ("GEI") at the time of the assault.

26. In answering Paragraph 27 of Plaintiff's Complaint, Defendants admit only that Contreras was found GEI, committed to ASH for a period of treatment pursuant to A.R.S. §13-3992(a), and was present there from 2016 to 2022

4

11010066.1

27.  In answering Paragraph 28 of Plaintiff's Complaint, Defendants admit only that prior to his arrest for assaulting his girlfriend, he was found to be SMI.

28.  In answering Paragraph 29 of Plaintiff's Complaint, Defendants admit same.

29.  In answering Paragraph 30 of Plaintiff's Complaint, Defendants admit only that A.R.S. §36-550 defines a "seriously mentally ill" as a person who exhibits emotional or behavioral functioning that is so impaired as to interfere substantially with their capacity to remain in the community without supportive treatment or services of a for long-term or indefinite duration. In these persons mental disability is severe and persistent, resulting in the long-term limitation of their functional capacities for primary activities of daily living such as interpersonal relationships, homemaking, self-care, employment and recreation.

30.  In answering Paragraph 31 of Plaintiff's Complaint, Defendants deny same.

31.  In answering Paragraph 32 of Plaintiff's Complaint, Defendants admit only that prior to his commitment at ASH Contreras was functionally impaired and diagnosed as seriously mentally ill as defined by Arizona statute.

32.  In answering Paragraph 33 of Plaintiff's Complaint, Defendants admit same.

33.  In answering Paragraph 34 of Plaintiff's Complaint, Defendants admit that the hospital provides state-of-the-art inpatient psychiatric care and is committed to treating patients and personnel with dignity and respect. Defendants deny all remaining allegations contained therein.

34.  In answering Paragraph 35 of Plaintiff's Complaint, Defendants admit that the ASH had an obligation to provide Contreras with treatment that is therapeutic, safe and meets the applicable standards of care. Defendants deny that they failed to provide Contreras with such treatment or harmed him in any way.

35.  In answering Paragraph 36 of Plaintiff's Complaint, Defendants admit that the ASH and its employees had an obligation to devise an individualized treatment and discharge plan ("ITDP") for its patients including Contreras. Defendants affirmatively

asserts that Contreras received meaningful ITDPs during the time he was at the ASH. Defendants deny all remaining allegations contained therein.

36. In answering Paragraph 37 of Plaintiff's Complaint, Defendants deny same.

37. In answering Paragraph 38 of Plaintiff's Complaint, Defendants admit only that after an incident AHCCCS issued a letter finding that an alleged rights violation was substantiated, and requiring corrective actions.

38. In answering Paragraph 39 of Plaintiff's Complaint, Defendants admit only that throughout his stay at the ASH, Contreras was prone to outbursts of anger and violence involving physical assaults on staff and peers, organized gang activity, destroyed property and repeatedly threatened staff and peers. Defendants deny all remaining allegations contained therein.

39. In answering Paragraph 40 of Plaintiff's Complaint, Defendants admit only that Contreras was placed in administrative separation due to his outbursts of anger, violence, threats, organizing of gang activity, physical assaults and property destruction. Defendants deny all remaining allegations contained therein.

40. In answering Paragraph 41 of Plaintiff's Complaint, Defendants deny same.

41. In answering Paragraph 42 of Plaintiff's Complaint, Defendants admit only that there was a glass pane between his bedroom and the adjacent nursing station. Defendants deny all remaining allegations contained therein.

42. In answering Paragraph 43 of Plaintiff's Complaint, Defendants admit same.

43. In answering Paragraph 44 Plaintiffs Complaint, Defendants deny that he was placed in a seclusion room. Defendants affirmatively assert that Plaintiff was placed in administrative separation because he was a danger to others in that he was violent, physically aggressive, physically assaulted peers and staff, threatened peers and staff, organized gang activity, and destroyed property. Defendants affirmatively assert he was a danger to others.

6

44.     In answering Paragraph 45 of Plaintiff's Complaint, Defendants admit only that when a healthcare provider utilizes seclusion for an SMI patient, diligent oversight of a patient at frequent intervals occurs. Defendants affirmatively assert that Contreras was placed in administrative separation because he was violent, physically aggressive, physically assaulted peers and staff, threatened peers and staff and destroyed property, and diligent oversight at frequent intervals occurred.

45.     In answering Paragraph 46 of Plaintiff's Complaint, Defendants admit only that Plaintiff has identified various code sections and state statutes which apply if there is a knowing violation of a person's (individual with SMI) rights. Defendants deny that Contreras' rights were violated.

46.     In answering Paragraph 47 of Plaintiff's Complaint, Defendants deny same.

47.     In answering Paragraph 48 of Plaintiff's Complaint, Defendants deny same.

## COUNT ONE
### 42 U.S.C. §1983 Eighth Amendment Right
### (Defendants Bowen, Christ, Herrington and Woods)

48.     In answering Paragraph 49 of Plaintiff's Complaint, Defendants incorporate by reference their response to paragraphs 1 through 48 as a fully set forth herein.

49.     In answering Paragraph 50 of Plaintiff's Complaint, Defendants admit same.

50.     In answering Paragraphs 51, Defendants admit only that the 8th Amendment prohibits the infliction of cruel and unusual punishment.

51.     In answering Paragraph 52, Defendants admit only that Contreras was found to be GEI and committed pursuant to Title 13.

52.     In answering Paragraph 53, Defendants admit only that Contreras was committed to ASH by the order of the Yuma County Superior Court for treatment pursuant to a finding that he was GEI.

7

11010066.1

53. In answering Paragraph 54, Defendants deny that they were mental health care providers for Contreras.

54. In answering Paragraph 55 of Plaintiff's Complaint, Defendants admit only that Defendant Bowen was aware that plaintiff had been adjudicated GEI and committed to ASH, and Woods knew Contreras's records indicated that he was diagnosed with a mental health condition at the time of admission. Defendants deny that Defendants Christ and Herrington had knowledge of Contreras's diagnosis.

55. In answering Paragraphs 56, 57, 58 and 59 of Plaintiff's Complaint, Defendants deny same.

56. In answering Paragraph 60 of Plaintiff's Complaint, Defendants admit only that Contreras was placed in administrative separation due to his acts of violence including physical assault on peers and staff, organizing gang activity, destruction of property and threatening behavior.

57. In answering Paragraphs 61, 62, 63 and 64 of Plaintiff's Complaint, Defendants deny same.

## COUNT TWO
### U.S.C. §1983 - Fourteenth Amendment Due Process
### State-Created Danger
### (Defendants Bowen, Christ, Herrington and Woods)

58. In answering Paragraph 65 of Plaintiff's Complaint, Defendants incorporate by reference their response to paragraphs 1 through 64 as if fully set forth herein.

59. In answering Paragraph 66 of Plaintiff's Complaint, Defendants admit same.

60. In answering Paragraph 67 of Plaintiff's Complaint, Defendants admit only that Contreras was placed in administrative separation. Defendants deny all remaining allegations contained therein.

61. In answering Paragraph 68 of Plaintiff's Complaint, Defendants deny same..

11010066.1

62. In answering Paragraph 69 of Plaintiff's Complaint, Defendants deny same.

63. In answering Paragraph 70 Plaintiff's Complaint, Defendants admit only that Contreras was placed under court ordered treatment pursuant to a decision of the Superior Court of the State of Arizona and placed under the jurisdiction of the Psychiatric Security Review Board.

64. In answering Paragraphs 71, 72 and 73 of Plaintiff's Complaint, Defendants deny same.

## STATE LAW CLAIM
## COUNT THREE
### Seclusion (All Defendants)

65. In answering Paragraph 74 of Plaintiffs Complaint, Defendants incorporate by reference their response to paragraphs 1 through 73 as if fully set forth herein.

66. In answering Paragraph 75 of Plaintiff's Complaint, Defendants admit that Contreras was, at some point, deemed seriously mentally ill, that SMI is defined in A.R.S. §36-550; and that Plaintiff has quoted a portion of A.R.S. §36-513. To the extent that this paragraph attempts to state a claim against these answering Defendants, Defendants deny same.

67. In answering Paragraph 76 of Plaintiff's Complaint, Defendants admit only that Chapter 21, Article 2, of the Arizona Administrative Code lists certain rights applicable to certain individuals receiving behavioral health care, but affirmatively asserts that these regulations do not confer any constitutional or statutory rights not already held by a person. Defendants affirmatively assert that Contreras was not a "client" as defined by A.A.C. §R9-21-101.

68. In answering Paragraph 77 of Plaintiff's Complaint, Defendants admit that Plaintiff has quoted the definition of "seclusion" Defendants deny the remaining allegations contained therein.

69. In answering Paragraph 78 of Plaintiff's Complaint, Defendants admit only that Contreras was placed in administrative separation due to his violent behavior, physical assaults on peers and staff, threatening peers and staff, organizing gang activity, and destroying property.

70. In answering Paragraph 79 of Plaintiff's Complaint, Defendants admit that Contreras had the rights afforded all individuals with SMI. Defendants deny all remaining allegations contained therein.

71. In answering Paragraph 80 of Plaintiff's Complaint, Defendants admit only that Plaintiff has quoted a portion from A.R.S §36-516. To the extent that Plaintiff claims that such statute applies, Defendants deny same.

72. In answering Paragraph 81 of Plaintiff's Complaint, Defendants admit only that Plaintiff has quoted a portion of A.R.S. §36-504(A). To the extent that said paragraph attempts to assert a claim against Defendants, Defendants deny same.

73. In answering Paragraphs 82 and 83 of Plaintiff's Complaint said paragraph is nothing more than citation to statutes and legal argument by counsel. To the extent that said paragraph attempts to assert a claim against Defendants, Defendants deny same.

74. In answering Paragraphs 84 and 85 of Plaintiffs Complaint, Defendants deny same.

## COUNT FOUR

**Negligence, Gross Negligence, Negligence Per Se**
**(All Defendants)**

75. In answering Paragraph 86 of Plaintiff's Complaint, Defendants incorporate by reference their response to paragraphs 1 through 85 as if fully set forth herein.

76. In answering Paragraphs 87 and 88 of Plaintiff's Complaint, Defendants admit same.

11010066.1

77. In answering Paragraphs 89, 90, 91, 92, 93 and 94 Plaintiff's Complaint Defendants deny same.

78. In answering Paragraph 95 of Plaintiff's Complaint, Defendants deny same.

79. In answering Paragraphs 96, 97, 98, 99 and 100 of Plaintiff's Complaint Defendants deny same.

## COUNT FIVE
## Intentional Infliction of Emotional Distress
## (All defendants)

80. In answering Paragraph 101 of Plaintiff's Complaint, Defendants incorporate by reference their response to paragraphs 1 through 100 as a fully set forth herein.

81. In answering Paragraphs 102, 103, 104, 105, 106 and 107 of Plaintiff's Complaint, Defendants deny same.

## COUNTS SIX
## Arizona Adult Protective Services Act ("APSA")
## (All defendants)

82. In answering Paragraph 108 of Plaintiff's Complaint, Defendants admit same.

83. In answering Paragraphs 109, 110, 111, 112 and 113 of Plaintiff's Complaint Defendants deny same.

## COUNT SEVEN
## (Medical Negligence)
## (Defendants Bowen and Woods)

84. In answering Paragraph 114 of Plaintiff's Complaint, Defendants incorporate by reference their response to paragraphs 1 through 113 as if fully set forth herein.

85. In answering Paragraphs 115 and 116 of Plaintiff's Complaint, Defendants admit same.

11

11010066.1

86.  In answering Paragraph 117 of Plaintiff's Complaint, Defendants admit only that the State of Arizona is vicariously liable for tortious conduct on the part of its employees acting within the course and scope of their employment. To the extent said paragraph attempts to assert such a claim against these Defendants, Defendants deny same.

87.  In answering Paragraphs 118 and 119 of Plaintiff's Complaint, Defendants deny same and affirmatively assert that they were not physicians of record for Contreras.

88.  In answering Paragraphs 120, 121, 122, 123, 124, 125, 126 and 127 of Plaintiff's Complaint, Defendants deny same.

## AFFIRMATIVE DEFENSES

As and for an affirmative defense and in the alternative Defendants assert:

1.  Punitive damages may not be awarded against a governmental entity or governmental employees acting within the course and scope of their employment on any State law claim pursuant to A.R.S. §12-820.04

2.  The State of Arizona is not vicariously liable for the acts of its employees under any claim brought pursuant to 42 U.S.C. §§1983 and 1985. *See, Monell v. City of New York City Services,* 436 U.S. 658 (1978).

3.  The individually-named Defendants are entitled to qualified immunity.

4.  Punitive damages against a governmental entity are barred by *City of Newport v. Fact Concerts, Inc.,* 101 S.Ct. 2748 (1981) and barred against the individually named Defendants in their official capacity pursuant to *Smith v. Wade,* 103 S.Ct. 1625 (1983).

5.  Contreras was comparatively at fault all of which serves to reduce or eliminate damages, if any, owed by Defendants. See A.R.S. §12-2506.

6.  Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

7.  Some or all of Plaintiff's claims are barred by the 2-year statute of limitations applicable to §1983 claims, and the 1-year statute of limitations applicable to state law claims.

11010066.1

8. Contreras has failed to mitigate his/her damages.

9. Defendants affirmatively assert that Plaintiff is required to prove that Defendants failed to exercise that degree of care, skill and learning required of reasonable and prudent healthcare providers under the same or similar circumstances and/or that they abused or neglected Contreras and such failures were the proximate cause of injuries sustained by Contreras in accordance with A.R.S. §§ 46-455 and 12-563.

10. Defendants affirmatively assert that Plaintiffs must prove their claims through expert testimony by experts that meet the requirements of A.R.S. § 12-2604.

11. Plaintiff cannot prove that each Defendant was employed to provide care to the Plaintiff or that they assumed a duty to provide care to the Plaintiff as required by A.R.S. §46-455.

12. Plaintiff must prove that Plaintiff is a vulnerable adult as defined by A.R.S. §46-451.

13. Defendant did not violate Plaintiff's rights under the Fourteenth Amendment, or any of Plaintiff's rights, pursuant to the United States Constitution.

14. Defendants acted in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prevail on a claim of deliberate indifference.

15. Defendants assert that they did not act with deliberate indifference to Contreras' medical needs or civil rights.

16. At no time did any Defendant act with a reckless disregard for Contreras' rights, and thus, no Fourteenth Amendment violation occurred.

17. The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. *Castro v. Cty. Of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that this matter be dismissed and that they be awarded their costs incurred herein and such

11010066.1

other and further relief as the Court deems just and proper, including attorney's fees pursuant to 42 U.S.C. §1988 and A.R.S. §12-349. As to all triable matters Defendants request trial by jury.

DATED this 29th day of September, 2022.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Georgia A. Staton
Georgia A. Staton
Ravi V. Patel
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants State of Arizona, Aaron Bowen and spouse Kerstin Bowen, Don Herrington and spouse Katherine Herrington, Cara Christ, M.D., and spouse Jason Christ, and Katharine Woods, D.O.

11010066.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ *Louarie Marques*

15

11010066.1