# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 2:22-cv-01401-DWL-ESW Docket No. 24-1806

**Case Name** Walker v. State of Arizona, et al

**Counsel submitting this form** Matthew P. MacLeod

**Represented party/parties** Appellant - Emmanuel Walker

*Briefly describe the dispute that gave rise to this lawsuit.*

A lawsuit was filed on behalf of Issac Contreras, an incapacitated adult for the inhumane, illegal, seclusion of a mentally ill man at the Arizona State Hospital in violation of Eighth Amendment Right Against Cruel and Unusual Punishment, Fourteenth Amendment Due Process State-Created Danger, Statutory Violations and Mandatory Penalties for Illegal Seclusion, Negligence, Gross Negligence, Negligence Per Se, Intentional Infliction of Emotional Distress, Violation of Arizona's Adult Protective Services Act, and Medical Negligence.

The most significant count brought was Count III - Statutory Violations and Mandatory Penalties for Illegal Seclusion which centered around Plaintiff's arguments that Mr. Contreras was held in Seclusion at ASH without the protections for those who have been designated as Seriously Mentally Ill (SMI) in violation of state law which triggered a variety of statutory and monetary penalties.

Mr. Contreras was placed at the Arizona State Hospital because he was found Guilty Except Insane in Yuma County Superior Court. Counsel for Mr. Contreras argued that regardless of that designation Mr. Contreras was still afforded those rights outlined in Title 36 for Seriously Mentally Ill individuals.

*Briefly describe the result below and the main issues on appeal.*

After a year of discovery, Appellees moved for Judgment on the Pleadings on Count III. The District Court granted Appellees' Motion for Partial Judgment on Pleadings on Count III and dismissed without leave to amend.

The District Court concluded, in part, that the protections under Title 36 did not extend to patients who were committed to Arizona State Hospital as a result of a Guilty Except Insane determination.

On February 29, 2024, Appellant dismissed the remainder of his counts contained in the subject underlying lawsuit. On March 21, 2024 Appellant filed his Notice of Appeal which is centered around Count III of his original complaint involving the seclusion of Mr. Contreras at Arizona State Hospital.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None

**Signature** Matthew P. MacLeod **Date** 4/3/2024

*(use* "s/[typed name]" *to sign electronically-filed documents)*